IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Front Row Theatrical Rental, LLC<br>322 W. 52nd Street #1803<br>New York, NY 10019<br><br>        Plaintiff,<br><br>    v.<br><br>Rush Sales and Leasing, LLC.<br>c/o Statutory Agent Thomas L. Kern<br>1520 Finefrock Road<br>Fremont, OH 43420<br><br>        Defendant. | ))))))))))))))))) | Case No. _____<br><br>Judge: _____<br><br>**COMPLAINT**<br><br>Richard M. Kerger (0058164)<br>Kimberly A. Conklin (0074726)<br>THE KERGER LAW FIRM, LLC<br>4159 N. Holland-Sylvania Rd., Suite 101<br>Toledo, OH 43623<br>Telephone: (419) 255-5990<br>FAX: (419) 255-5997<br>Email: rkerger@kergerlaw.com<br>           kconklin@kergerlaw.com<br>*Counsel for Plaintiff* |

Plaintiff Front Row Theatrical Rental states its claims against Defendant Rush Sales and Leasing, LLC as follows.

1. Plaintiff is a Delaware Limited Liability Company. It is in the business of renting theatrical items such as sets, costumes, projection equipment and custom scenery. It does business across the United States in what is a small industry in which the parties involved are well known to

each other. Plaintiff has always had a reputation for being dedicated to taking care of customer's needs.

2. Defendant is an Ohio Limited Liability Company based in Sandusky County, Ohio. It engages in the leasing of trailers and providing related services to its customers.

3. In 2021, Plaintiff determined to relocate its operation from northwest Ohio to the Columbus area. The assets necessary to provide the rental equipment described above had to be shipped from northwest Ohio to the Columbus area. It was the case that the location in the Columbus area was not yet available to Plaintiff when it needed to move and so it made plans to store its assets on a temporary basis.

4. Plaintiff's landlord had trailers rented by Defendant apparently being used by other tenants. Plaintiff became aware of Defendant through that circumstance and accordingly contacted it about providing the trailers necessary to store the assets used by Plaintiff.

5. In general there are two kinds of trailers, one for storage and one for over-the-road use. The trailers needed by Plaintiff haf to be compliant with over-the-road regulations since the trailers and their contents would have to be moved from Northwest Ohio to the Columbus area. Defendant's agent sent photographs of the trailer to show that they were compliant with the regulations and Plaintiff's needs.

6. Plaintiff had no employees in Northwest Ohio. The person responsible for completing the arrangements with Defendant on behalf of Plaintiff was Brett Rothstein whose home base was New Jersey. Having become aware of Defendant and its services, Mr. Rothstein undertook contact with Defendant and attempted to complete negotiations. The primary contact for Defendant was Michael Kern. During the discussions, Mr. Rothstein informed Mr. Kern of Plaintiff's requirements, in particular that the majority of trailers would have to be road-worthy. Mr. Kern assured Mr. Rothstein they would be. Subsequently, certain specialized trailers were needed, particularly those with E-Tracks on various dimensions. These tracks are essential to secure the materials being transported in them. Again, Mr. Kern assured Mr. Rothstein the trailers would comply with Plaintiff's requirements.

7. Defendant through Mr. Kern was told what Plaintiff's needs were. In particular, it was notified that the goods used by Plaintiff in conducting its business would be stored inside for some period of time.

8. Despite these discussions and assurances provided by Defendant, Plaintiff subsequently learned that many of the trailers were non-compliant and in fact exposed the assets of Plaintiff to damage due to the condition of the trailers. Further, many of the trailers were not in fact road-worthy and indeed had safety problems that could have caused injury to others traveling in the vicinity of Defendant's trailers.

9. The parties made an arrangement for Rush to provide the necessary trailers in November of 2021. While oral agreements were reached, no written document was prepared until December 6, 2021, after the trailers had been put into use. The draft provided by Defendant contained many provisions that had not been discussed and which were rejected by Plaintiff. Ultimately the agreement as modified by Plaintiff as executed by the parties and attached as Exhibit A to this Complaint. The statements made about the conditions and compliance of the rented trailers with Plaintiff's needs was provided by Mr. Kern. At the time he made those representations, he knew the trailers did not meet the requirements put forward by Plaintiff. The statements were false, and made in order to obtain the agreements. The misrepresentations were material to the transaction and were known to be material to Mr. Kern.

10. As a result of the misrepresentations made by Mr. Kern, Plaintiff incurred significant losses. The losses include: a) expenditures involved in the rental of the non-conforming equipment in an amount exceeding $25,000; b) delays in transactions with various customers; c) breaches of the agreements reached with Plaintiff's customers resulting from those misrepresentations; and d) resulting injury to the reputation of Plaintiff in its industry.

11. The statements made on behalf of Defendant were false, known to be false and made with the express intent of misleading Plaintiff into entering into the arrangements to Defendant's financial benefit.

12. Plaintiff had previously instituted suit against Defendant for breach of contract in Case No: 3:22-cv-00127 filed in this district. In an attempt to avoid further delays, Plaintiff deposited with the Court the sum of $21,609.14 which remains in the Court. Plaintiff asks that those funds be continued under the Court's control, something to which the Defendant had no objection during a pretrial held on June 21, 2022. Plaintiff asks that the Court order those funds paid to Plaintiff as part of the matters to be decided in this case. That older Complaint was dismissed by Plaintiff voluntarily and without prejudice on April 25, 2022. This lawsuit having been filed within one year after that dismissal, there is no bar. Moreover, since no answer was filed, no issues were joined for a resolution in the earlier case.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

a. An award of compensatory damages in excess of $25,000;

b. Return of the $21,609.14 deposited by it in the old case.

c. An award of punitive damages in the amount twice the award of compensatory damages;

d. An award of attorney fees and costs incurred as a result of the fraudulent statements; and

    e.  Such other relief as is just and necessary.

                                          Respectfully submitted,

                                          RICHARD M. KERGER (0015864)
                                          KIMBERLY A. CONKLIN (0074726)

                                      By: /s/ Richard M. Kerger

THE KERGER LAW FIRM, LLC
4159 N. Holland-Sylvania Rd., Suite 101
Toledo, OH 43623
Telephone: (419) 255-5990
Fax: (419) 255-5997
rkerger@kergerlaw.com
kconklin@kergerlaw.com

## JURY DEMAND

Plaintiff demands a trial by jury upon all issues so triable.

                                          /s/ Richard M. Kerger